# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br>MERCEDES-BENZ TELE AID<br>CONTRACT LITIGATION | MDL No. 1914<br>JUDGE DEBEVOISE<br>Civil No. 07-2720 |

## PLAINTIFFS' OPPOSITION TO MERCEDES-BENZ USA, LLC'S MOTION TO DECERTIFY THE CLASS

Jonathan D. Selbin
Jennifer Gross
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
(212) 355-9500

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN,
  GILFILLAN, CECCHI,
  STEWART & OLSTEIN
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

Eric H. Gibbs
Geoffrey A. Munroe
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
(415) 981-4800

Lisa J. Rodriguez
TRUJILLO RODRIGUEZ &
  RICHARDS, LLC
258 Kings Highway East
Haddonfield, NJ 08033
(856) 795-9022

*Co-Lead Class Counsel and Liaison Counsel*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ..................1

II.    BACKGROUND.................................................................6

III.   ARGUMENT ......................................................................8

    A.    The Third Circuit's Decision In *Nafar* Is Not Binding
        Precedent, Nor Is It A Change Or Clarification Of
        Governing Law. ......................................................8

    B.    Both This Court And The Third Circuit Already
        Considered And Rejected Mercedes' Arguments....................10

    C.    This Court's Choice-Of-Law Analysis Was, And
        Remains, Correct...................................................11

    D.    This Court Conducted A Thorough And Proper
        Predominance Analysis..........................................16

IV.    CONCLUSION ...................................................................19

# TABLE OF AUTHORITIES

**Page**

## Cases

*Agostino v. Quest Diagnostics,*
  256 F.R.D. 437 (D.N.J. 2009)...................................................*passim*

*Dal Ponte v. American Mortgage Express Corp.,*
  2006 U.S. Dist. LEXIS 57675 (D.N.J. Aug. 17, 2006) ........................................13

*Elias v. Ungar's Food Products, Inc.,*
  252 F.R.D. 233 (D.N.J. 2008)..................................................13

*In re Collins & Aikman Corp. Securities Litig.,*
  438 F. Supp. 2d 392 (S.D.N.Y. 2006) ..................................................14

*In re Grand Jury Investigation,*
  45 F.3d 266 (3d Cir. 2006)..................................................2, 8, 9, 10

*In re Hydrogen Peroxide Antitrust Litig.,*
  552 F.3d 205 (3d Cir. 2008)..................................................18

*International Union of Operating Engineers*
  *Local No. 68 Welfare Fund v. Merck & Co.,*
  384 N.J. Super. 275 (App. Div. 2006) ..................................................13

*International Union of Operating Engineers*
  *Local No. 68 Welfare v. Merck & Co., Inc.,*
  929 A.2d 1087 (N.J. 2007)..................................................17, 18, 19

*Jamison v. Klem,*
  544 F.3d 266 (3d Cir. 2008)..................................................2, 8

*Marracco v. Kuder,*
  2009 U.S. Dist. LEXIS 6757 (D.N.J. Jan. 30, 2009) ..................................................9

*Nafar v. Hollywood Tanning Sys.,*
  2008 U.S. Dist. LEXIS 61439 (D.N.J. Aug. 12, 2008) ..................................................3, 6

# TABLE OF AUTHORITIES

**Page**

*Nafar v. Hollywood Tanning Sys., Inc.,*
   2009 U.S. App. LEXIS 17561 (3d Cir. Aug. 5, 2009) ................................ passim

*Varacallo v. Massachusetts Mut. Life Ins. Co.,*
   752 A.2d 807 (N.J. Super. 2000) ........................................................................17

**Rules**

1 NJPRAC
   Rule 1:36-3 ........................................................................................................9

Federal Rule of Appellate Procedure
   Rule 32.1 ...........................................................................................................9

Federal Rule of Civil Procedure
   Rule 23(f) ................................................................................................... passim

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

On April 24, 2009, this Court issued its fifty-nine page Order ("Opinion") granting Plaintiffs' motion for class certification.  The only relevant development in this case, or in the law, since that date has been the Third Circuit's June 4, 2009 summary denial of Mercedes-Benz USA, LLC's ("Mercedes") blistering attack on this Court's Opinion in its petition for review under Federal Rule of Civil Procedure 23(f).  Nothing has happened that calls into question this Court's thorough and detailed analysis of the law and the facts in its Opinion which was, and remains, correct and fully consistent with controlling authority.

Rather than produce the discovery required for Plaintiffs to provide Class members with their due process notice forthwith, Mercedes has engaged in a game of delay, diversion, and denial, first by trying to carve out large portions of the certified Class (which effort is the subject of briefing at Dkt. 115 and 116) and now by filing a legally baseless motion to decertify the class.

Mercedes' motion to decertify is solely premised on *Nafar v. Hollywood Tanning Sys., Inc.*, 2009 U.S. App. LEXIS 17561 (3d Cir. Aug. 5, 2009).  Although well-aware of it (as documented in the pre-filing meet and confer), what Mercedes fails to mention, except indirectly in a footnote buried on page 4 of its brief, is that *Nafar* expressly states:

> NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT
> INTERNAL OPERATING PROCEDURE RULE 5.7.  SUCH
> OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH
> BIND THE COURT.

*Id.* at *1.

Lest there be any confusion about the import of that statement, the Third

Circuit explained it in no uncertain terms just last year:

> We have steadfastly attempted to discourage District Courts as well as
> attorneys from relying on nonprecedential opinions of this court. See
> Third Circuit Internal Operating Procedure 5.7 (indicating that "the
> court by tradition does not cite to its not precedential opinions as
> authority"). *See also, Fallon Elec. Co. v. Cincinnati Insur. Co.*,
> 121 F.3d 125, 128 n.1 (3d Cir. 1997) ("[We] do not regard such
> opinions as binding precedent."). We do not accept these opinions as
> binding precedent because, unlike precedential opinions, they do not
> circulate to the entire court before they are filed. Accordingly, not
> every judge on the court has had an opportunity to express his/her
> views about the opinion before it is filed.

*Jamison v. Klem*, 544 F.3d 266, 278 n.11 (3d Cir. 2008).  Indeed, while the Third

Circuit "does not prohibit citation to" non-precedential opinions like *Nafar*, its

members "regard them for what they are worth — the opinion of three members of

the court in a particular case." *In re Grand Jury Investigation*, 45 F.3d 266, 276

(3d Cir. 2006) (holding that "the District Court erred in relying on a [non-

precedential] opinion").

Mercedes nonetheless premises its entire motion on *Nafar*, and treats it as

controlling authority, asserting, among other things, that *Nafar* "demonstrates,"

"directs," "rejects," and finally "requires" certain analyses and conclusions here.

While Mercedes is correct that "a change or clarification of governing law is appropriate grounds for decertification" (Mercedes' Br. at 3), nothing of the sort happened here: *Nafar* expressly *is not* and *cannot be* a change or clarification of governing law. This reason alone warrants denial of Mercedes' motion to decertify.

But even if the entire premise of Mercedes' motion were not incurably flawed, it is misdirected because this Court's analysis and conclusions are fully in keeping with the "holdings" in *Nafar*. Indeed, Mercedes' motion largely regurgitates the same arguments it made — and lost — before this Court on class certification, and again before the Third Circuit seeking Rule 23(f) review, and in the process mischaracterizes the decisions in both *Nafar* and *Agostino v. Quest Diagnostics,* 256 F.R.D. 437 (D.N.J. 2009).

Mercedes ignores the marked and critical differences between the District Court opinion the panel reversed in *Nafar* and this Court's Opinion, which the Third Circuit declined to review. The District Court's choice-of-law analysis in *Nafar* consisted of a single summary paragraph devoid of any factual analysis or discussion of controlling legal principles. *Nafar v. Hollywood Tanning Sys.,* 2008 U.S. Dist. LEXIS 61439, *15-16 (D.N.J. Aug. 12, 2008). Even still, the appellate panel did not hold that New Jersey law could not apply nationwide to consumers in that case as a matter of law. Rather, it held that the District Court

should conduct a more rigorous choice-of-law analysis and crafted its holding as a conditional: "*if* the District Court concludes that each plaintiff's home state law should apply," *then* the Court should revisit its predominance and superiority findings. *Nafar*, 2009 U.S. App. LEXIS at *14-15 (emphasis supplied).

With respect to *Agostino*, this Court plainly was correct in stating that *Agostino* applied the wrong section of the Restatement in conducting its analysis, and that emphasis on class members' reliance is inappropriate where the legal claim asserted does not require reliance. (Opinion at 39 & n.9.) Moreover, even if *Agostino* is correct on its facts, it did not purport to announce any blanket legal presumption (strong or otherwise) that the law of each plaintiff's and class member's home state applies to all consumer fraud cases without regard to the specific factual circumstances of the case at hand, as Plaintiffs previously explained.[1]  Instead, *Agostino* held that *because* the multiple defendants' conduct emanated from five different states, not one as here, such a presumption applied. 256 F.R.D. at 463.

Nor did this Court fail to consider the interests of states other than New Jersey in this case, as Mercedes contends.  The Court expressly considered those interests at length and in multiple places, and found that none compared to New

---

[1] *See* Plaintiffs' Response to Mercedes' Notice of Supplemental Authority. (Dkt. 98.)

Jersey's interest.  (Opinion at 24-26, 31, 34-36, 44.)  Mercedes' argument really boils down to it not liking the Court's conclusion.

Finally, Mercedes' contention that this Court erred in its predominance analysis by failing to consider evidence of individual class members' varying knowledge and motivation is plainly wrong for two reasons.

First, this Court did not "ignore" such evidence, it just (properly) found such evidence to be legally irrelevant to the claims Plaintiffs actually assert.  (Opinion at 49, 57.)  Indeed, as the Court noted when Mercedes argued against predominance based upon such evidence, Mercedes "relies on misconceptions regarding the evidence that will be necessary to prove Plaintiffs' claims — the vast majority of which can be drawn from Mercedes' own records — and [its argument is] unavailing."  (Opinion at 14.)

Second, the *Nafar* panel did not hold that such evidence is always relevant or always defeats predominance.  It simply noted that "individual issues regarding plaintiff's behavior *may, in certain cases,* defeat predominance in a NJCFA class action," and remanded for the District Court to conduct a more careful factual analysis.  *Nafar*, 2009 U.S. App. LEXIS at *18 (emphasis supplied).

For all of these reasons, Plaintiffs respectfully request that the Court deny Mercedes' motion to decertify the class.

## II.   **BACKGROUND**

On April 24, 2009, this Court certified a nationwide class alleging consumer fraud and unjust enrichment claims against Mercedes.  In so doing, the Court conducted a detailed, factually-specific and claim-by-claim choice-of-law analysis spanning some thirty-one pages, and concluded on those facts that New Jersey law properly applied to all Plaintiffs and class members.  (Opinion at 16-46.)  In opposition to certification, Mercedes had argued that the law of each Plaintiff's and class member's home state must be applied.  (Dkt. 79 at 3-18, 23-25.)

Following class certification, Mercedes sought review in the Third Circuit pursuant to Federal Rule of Civil Procedure 23(f), again focusing on the choice-of-law issue and its contention that the law of each Plaintiff's and class member's home state must be applied.  (Petition at 11-13.)  It even enlisted an *amicus* from appellate heavyweight Product Liability Action Council.  The Third Circuit summarily denied review on June 4, 2009.  (Dkt. 111.)

Prior to this Court's decision certifying the class, Judge Cavanaugh of this Court issued a brief decision certifying a nationwide consumer fraud class under New Jersey law.  *Nafar v. Hollywood Tanning Sys.*, 2008 U.S. Dist. LEXIS 61439.  The entirety of the choice-of-law analysis in that decision was contained within a single summary paragraph devoid of *any* factual analysis or *any* consideration of the relevant controlling legal rules.  *Id.* at *15-16.  On August 5, 2009, the Third

Circuit granted Rule 23(f) review of Judge Cavanaugh's decision and reversed and remanded on four grounds, including that "the District Court erred by failing to conduct an adequate choice-of-law analysis when the potential class members for this consumer fraud action hail from numerous states." 2009 U.S. App. LEXIS 17561 at *2.[2] The panel did *not* hold that New Jersey law could not as a matter of law be applied in that case, nor that no class could be certified. Instead, it remanded the case so that Judge Cavanaugh could, among other things, conduct a proper choice-of-law analysis.

Shortly thereafter, Mercedes' counsel informed Class Counsel of his intention to file a motion to decertify based upon *Nafar*. As part of the meet and confer process, Class Counsel inquired whether Mercedes' counsel understood that *Nafar* has no precedential value. (Munroe Decl., Ex. A.) Mercedes' counsel responded: "Yes, I am aware that *Nafar* was designated 'Not Precedential' and that the designation has a specific meaning in the Third Circuit." *Id.* Mercedes' present motion followed.

---

[2] Interestingly, Judge Rendell sat on both the *Nafar* panel that granted Rule 23(f) review and reversed class certification, and the panel in this case that denied Rule 23(f) review.

III.   **ARGUMENT**

A.    **The Third Circuit's Decision In *Nafar* Is Not Binding Precedent, Nor Is It A Change Or Clarification Of Governing Law.**

Mercedes' motion is solely premised on *Nafar v. Hollywood Tanning Sys., Inc.*, 2009 U.S. App. LEXIS 17561.  But *Nafar* expressly states:

> NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT INTERNAL OPERATING PROCEDURE RULE 5.7.  SUCH OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH BIND THE COURT.

*Id.* at *1.

The Third Circuit explained the meaning of that language just last year:

> We have steadfastly attempted to discourage District Courts as well as attorneys from relying on nonprecedential opinions of this court.  See Third Circuit Internal Operating Procedure 5.7 (indicating that "the court by tradition does not cite to its not precedential opinions as authority").  *See also, Fallon Elec. Co. v. Cincinnati Insur. Co.*, 121 F.3d 125, 128 n.1 (3d Cir. 1997) ("[We] do not regard such opinions as binding precedent.").  We do not accept these opinions as binding precedent because, unlike precedential opinions, they do not circulate to the entire court before they are filed.  Accordingly, not every judge on the court has had an opportunity to express his/her views about the opinion before it is filed.

*Jamison v. Klem*, 544 F.3d 266, 278 n.11 (3d Cir. 2008).  Indeed, while the Third Circuit "does not prohibit citation to" non-precedential opinions like *Nafar*, its members "regard them for what they are worth — the opinion of three members of the court in a particular case."  *In re Grand Jury Investigation*, 445 F.3d 266, 276 (3d Cir. 2006) (holding that "the District Court erred in relying on a [non-precedential] opinion").

Mercedes only acknowledges the fact that *Nafar* is unpublished and not

precedential in a lone footnote on page 4 of its brief, and acknowledges *none* of

this controlling caselaw discouraging reliance on such decisions.  And it

compounds that omission by citing to *Marracco v. Kuder*, 2009 U.S. Dist. LEXIS

6757 (D.N.J. Jan. 30, 2009), itself an unpublished District Court opinion, and

quoting the *Marracco* cite to *In re Grand Jury Investigation,* for the proposition

that "citation to unpublished opinions is not only permitted under Federal Rule of

Appellate Procedure 32.1 and 1 NJPRAC R.1:36-3, but is widely used."

(Mercedes' Br. at 4, n.1.)  While Mercedes accurately relates the quote from

*Marracco,* that is not what *In re Grand Jury Investigation* says at all.  What it says,

*in support of its holding that the District Court erred in relying upon a non-*

*precedential decision,* is:

> Under this court's Internal Operating Procedures ("IOPs"), NPOs "are
> not regarded as precedents that bind the court because they do not
> circulate to the full court before filing." 3d Cir. IOP 5.7 (July 1,
> 2002).  *A fortiori*, they are not precedents for the district courts of this
> circuit.  Although they have always been available to the public in
> binders held for that purpose in the Clerk's Office, and hence were not
> "secret" notwithstanding contrary characterization by members of the
> bar, academia, and the press, they are not precedential because they do
> not have the *imprimatur* of the full court.  As our IOPs explain, a
> precedential opinion of a panel of this court circulates to all members
> of the court for eight days before it is filed. IOP 5.7.  This gives non-
> panel active judges the opportunity to make comments or to seek an
> *en banc* hearing if a judge believes that the issue requires the
> consideration of and determination by the full court.  In contrast,
> NPOs, whether designated as *per curiam* or signed by a member of

the court, do not circulate because they are written primarily to explain to the parties the basis for the court's determination.

The issue has arisen only recently with the publication of such opinions on-line and in the Federal Appendix series published by West Publishing. This court does not prohibit citation to NPOs but the members of this court regard them for what they are worth — the opinion of three members of the court in a particular case.

*In re Grand Jury Invest.*, 445 F.3d at 276.

Not only does Mercedes not acknowledge any of this authority contrary to its reliance on *Nafar*, its entire brief reads as if *Nafar* actually is controlling law — Mercedes does not qualify its language at all. It repeatedly contends that *Nafar* "demonstrates," "directs," "rejects," and finally "requires" certain analyses and conclusions here. Per controlling Third Circuit rules and caselaw, *Nafar* does no such thing.

Plaintiffs do not dispute that "a change or clarification of governing law is appropriate grounds for decertification." (Mercedes' Br. at 3.) But nothing of the sort happened here: *Nafar* expressly *is not* and *cannot be* a change or clarification of governing law. This reason alone warrants denial of Mercedes' motion to decertify.

**B.    Both This Court And The Third Circuit Already Considered And Rejected Mercedes' Arguments.**

None of the arguments Mercedes makes now are new. It raised each argument in its papers in opposition to class certification and on choice of law and at oral argument on class certification. (Dkt. 78 at 33-40 (arguing that individual

issues regarding class members' knowledge prevents class certification); Dkt. 110 at 55:4-19 (same); Dkt. 79 at 3-13 (arguing regulatory interests of other states precludes class certification); Dkt. 95 (Notice of Supplemental Authority discussing *Agostino* and Restatement § 148).)  Similarly, it raised each of these arguments in its petition for Rule 23(f) review before the Third Circuit.  (Petition at 1 (*citing Agostino*), 13 (addressing the regulatory interests of other states in choice of law), 16 (arguing this Court ignored individual issues regarding causation).)

Neither this Court nor the Third Circuit was persuaded by these arguments before, and they taste no better regurgitated now.  Indeed, as Mercedes notes, one member of the *Nafar* panel — Judge Rendell — also served on the panel that denied review of this Court's Opinion just two months prior.  Surely if Judge Rendell found Mercedes' arguments here persuasive, the Third Circuit would (at least) have taken the issue up for review.  It did not.

C.  **This Court's Choice-Of-Law Analysis Was, And Remains, Correct.**

Mercedes is wrong that this Court erred in its choice-of-law analysis of the legal and factual claims alleged here.  The mere fact that a panel of judges commended the *Agostino* decision to another District Court in an unpublished and non-precedential opinion does not change that.

First, like every choice-of-law decision, *Agostino* is necessarily based upon, and specific to, the facts of that case.  Those facts are clearly distinguishable from this case.

Mercedes argues (as it did before) that *Agostino* found a "strong presumption" (Mercedes' Br. at 7) that the law of each plaintiff's home state applied, but it ignores the factual analysis that led the court to its conclusion.  The court *did not* simply find that the interest of the home states of the plaintiffs outweighed the interest of the state from which the conduct emanated.  Critical to the court's holding was the fact *that the conduct emanated from five different states*:

> With respect to the debt collectors, *none of these defendants is headquartered in New Jersey*.  Rather, they are based in Massachusetts, Michigan, New York and Washington.  *Based on the foregoing*, the Court finds that there is a strong presumption under Section 148 that the consumer fraud law of each class plaintiff's home state should apply to his respective claim.

256 F.R.D. at 463 (emphasis supplied).  In other words, *Agostino* expressly premised its finding of a presumption of home state law application there on the fact that defendants' conduct emanated from five different states.  That simply is not the case here.

*Agostino* also recognized that every choice-of-law case must be decided on its own unique facts and claims.  256 F.R.D at 460.  It then went out of its way to distinguish the facts there from cases like this one and others Plaintiffs cited in

their class certification papers applying New Jersey law, including *Elias v. Ungar's Food Products, Inc.*, 252 F.R.D. 233 (D.N.J. 2008); *Dal Ponte v. American Mortgage Express Corp.*, 2006 U.S. Dist. LEXIS 57675 (D.N.J. Aug. 17, 2006), and *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 384 N.J. Super. 275 (App. Div. 2006):

> In other cases in which courts have certified the NJCFA for nationwide classes, the courts' choice of law analyses have relied on the premise that the New Jersey statute provided equal or greater protection than other consumer fraud statutes. *See Elias*, 252 F.R.D. at 247; *Dal Ponte*, 2006 U.S. Dist. LEXIS 57675, 2006 WL 2403982, at 7; *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 2005 WL 2205341, *20 (N.J. Super. Ct. Law. Div. July 29, 2005). In this case, numerous named plaintiffs have failed to allege that they have suffered an ascertainable loss as required to state a claim under the NJCFA. These plaintiffs would actually receive less protection under the NJCFA than they would under the 17 consumer fraud statutes which do not require an ascertainable loss.

*Agostino*, 256 F.R.D. 463 n.12. The facts here are quite unlike the facts of *Agostino* in this key respect: each of the named plaintiffs here *has* claimed ascertainable loss (Compl. ¶¶ 6-17), and thus would not be worse off under New Jersey law as some of the *Agostino* plaintiffs were. Indeed, as this Court found, "Plaintiffs have [already] effectively established ascertainable loss" in this case. (Opinion at 55.)

Mercedes makes much of the *Nafar* panel commending *Agostino* to Judge Cavanaugh on remand. Of course, again, that holding represents nothing in terms

of controlling authority here.  Moreover, Plaintiffs believe that this Court is correct that *Agostino* applied the wrong section of the Restatement in conducting its analysis, and that *Agostino* erred in placing importance on the location of class members' reliance where the legal claim asserted does not require reliance. (Opinion at 39 & n.9.)  Plaintiffs will not repeat this Court's own lengthy analysis on this issue except to say it is correct.  In any event, whether or not *Agostino* erred or not is moot:  in this case, on these facts and legal claims, this Court got it right.

In its attempt to justify application of Restatement § 148(1) and give weight to the state where each plaintiff and class member bought his or her car, instead of New Jersey where the suppression and non-disclosure of material information was orchestrated, Mercedes argues that "an alleged omission logically cannot 'emanate' from anywhere — the omission exists in whatever the prospective plaintiff sees or reads, and that takes place in the prospective plaintiff's home state." (Mercedes' Br. at 9.)  But Mercedes cites no authority for this less-than-logical proposition.  And there is authority to the contrary: in *In re Collins & Aikman Corp. Securities Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006), the Court stated that "it is well-settled" (albeit for purposes of venue) that misrepresentations or omissions occur "where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received," and held that

alleged misleading registration statements emanated from company's Las Vegas headquarters and occurred there, as opposed to where they were read by plaintiffs.

Mercedes' renewed argument that application of New Jersey law here is somehow in conflict with how the Court would decide choice of law in the case of individual plaintiffs again misses the mark. Mercedes is right to this extent: choice of law with respect to Lois Stowers in Washington and the other individual named plaintiffs is the same as it is for the Class as a whole. Applying the correct legal standards to the entire factual record, which amply demonstrates the New Jersey focus of these claims in this case, the Court properly chose to apply New Jersey law. That ruling would be the same — and would be correct — regardless of whether it applies to individual plaintiffs or the class as a whole.

Mercedes also contends that this Court erred by employing a "single-minded focus on the forum state's regulatory interests, to the exclusion of other state's interests . . . ." (Mercedes' Br. at 9.) That too is plainly wrong. As an initial matter, this Court expressly considered the interests of the Plaintiffs' home states in conducting its analysis, discussing those interests in its Restatement § 6 analysis and its discussion of the governmental interest test. (Opinion at 24-26, 31, 34-36, 44.) Again, this is not a case like *Agostino* where there are multiple defendants located in multiple states from which conduct relevant to the class claims emanated. As detailed throughout this Court's opinion, *all* of the relevant conduct

took place in and emanated from New Jersey. There simply is no other state with any connection to this case, beyond the fortuity of some Plaintiffs and class members residing there.

In sum, this Court conducted a thorough and correct choice-of-law analysis and reached a correct result, a result the Third Circuit declined to review.

**D.     This Court Conducted A Thorough And Proper Predominance Analysis.**

As it did before the Third Circuit in seeking Rule 23(f) review, Mercedes renews its blistering attack on the propriety of this Court's predominance analysis. Mercedes claims this Court committed "reversible error" by supposedly "ignor[ing] without comment" its evidence that individual issues predominate. (Mercedes' Br. at 20.) Putting aside the contention that this Court committed reversible error of any sort — since the Third Circuit already expressly rejected that contention in denying Rule 23(f) review — the question turns to whether this Court "ignored without comment" evidence that individual issues predominate. The answer is plainly no.

As the Court noted when Mercedes argued against predominance based upon the same evidence, Mercedes "relies on misconceptions regarding the evidence that will be necessary to prove Plaintiffs' claims — the vast majority of which can be drawn from Mercedes' own records — and [its argument is] unavailing." (Opinion at 14.) It is undisputed that the Court's predominance

analysis need only consider evidence relevant to the claims actually asserted by

Plaintiffs.  The evidence Mercedes argues shows individual variation simply is not

relevant to these claims on these facts.

> As this Court explained:

> Both of Plaintiffs' claims are premised on the contention that
> Mercedes knew or should have known after the FCC's rule change
> became final on August 8, 2002 that analog Tele Aide service would
> no longer be available after February 18, 2008, but failed to disclose
> that fact to its customers. *Those allegations relate only to
> Mercedes' — rather than individual class members' — knowledge
> and actions, and are therefore amenable to common proof.*

(Opinion at 49 (emphasis supplied).)  Nothing has changed to call that conclusion

into question.  And as this Court further explained:

> Plaintiffs will not need to prove at trial that each individual class
> member relied on Mercedes' statements relating to Tele Aid when
> purchasing their vehicles.  To the contrary, Plaintiffs can establish the
> necessary 'causal nexus' between their ascertainable loss and the
> alleged misrepresentations simply by proving with respect to the class
> as a whole that, had Mercedes disclosed the existence of the FCC rule
> change and the fact that analog service would no longer be available
> after 2007, that disclosure would have effectively warned potential
> purchasers of vehicles equipped with analog-only Tele Aid systems
> that those systems would soon be rendered obsolete.

(Opinion at 57.)

This Court's holding that the NJCFA does not require proof of reliance is

plainly right. *See International Union of Operating Engineers Local No. 68

Welfare v. Merck & Co., Inc.*, 929 A.2d 1076, 1087 (N.J. 2007); *Varacallo v.

Massachusetts Mut. Life Ins. Co.*, 752 A.2d 807, 817 (N.J. Super. 2000).  Nothing

in *Nafar* changes that conclusion.  In *Nafar*, the panel remanded the predominance issue because the District Court failed to undertake the "rigorous analysis" of class certification evidence required under *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 205, 309 (3d Cir. 2008), finding that the District Court provided "no comment" on the uniformity of the defendant's misrepresentations and omissions, and merely assumed that common questions predominated because New Jersey law applied.  *Nafar*, 2009 U.S. App. LEXIS at *19.  This Court, by contrast, conducted precisely the "rigorous analysis" found lacking in *Nafar*.

Nor does the fact-specific holding in *International Union of Operating Engineers* suggest otherwise.  Indeed, its markedly different factual scenario readily distinguishes it.  In that case, the plaintiff, a union fund that paid for prescription drug coverage for its members ("third party payor"), brought a class action of other third party payors that made payments for Vioxx, a prescription drug manufactured and marketed by defendant.  929 A.2d at 1079.  Specifically, the plaintiff alleged that the defendant violated the NJCFA by fraudulently marketing Vioxx as a safer and more effective alternative to other traditional pain medications, thus driving Vioxx's price substantially higher than similar medications.  *Id.*  The court found, however, that the plaintiff could not show common issues predominated because the proof for class members' claims would depend largely on individual determinations regarding each third party payor,

including the third party payors' "separately created formularies, different types of tier systems, and individualized requirements for approval or reimbursement imposed on various plans' members and, to some extent, their prescribing physicians . . ." *Id.* at 1087. Such complications simply do not exist here.

In sum, this Court's predominance analysis was, and remains, correct.

## IV.   CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court deny Mercedes' motion to decertify.

Dated:  September *18*, 2009

Respectfully Submitted,

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By: _____
Lisa J. Rodriguez
258 Kings Highway East
Haddonfield, NJ  08033
Telephone:  (856) 795-9022

*Liaison Counsel for Plaintiffs*

**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
Jonathan Selbin
Jennifer Gross
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500

**GIRARD GIBBS LLP**
Eric H. Gibbs
Geoffrey A. Munroe
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4800

832507.1                                    19

**CARELLA, BYRNE, BAIN,**
**GILFILLAN CECCHI,**
**STEWART & OLSTEIN**
James E. Cecchi
Lindsey H. Taylor
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  (973) 994-1700

*Co-Lead Class Counsel*